UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 24-CR-80115-MIDDLEBROOKS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JAMES WILLIAM LATTA,

      Defendant.
_____/

**DEFENDANT, JAMES LATTA'S RESPONSE TO THE
GOVERNMENT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT (PSI)**

    **COMES NOW** the Defendant, **JAMES WILLIAM LATTA** by and through undersigned counsel and respectfully files his response to the Government's objections to the Presentence Investigation Report (PSI) and would accordingly state as follows:

    1.    The PSI in this case was made available for disclosure to the parties on January 8, 2025 and objections were due to be filed on or before January 22, 2025. The Defendant, **JAMES WILLIAM LATTA** timely filed his PSI objections on January 22nd and the Government did not.

    2.    Without requesting or receiving a filing extension, the Government did not file their objections until January 24, 2025, and included in these objections, was their response to the Defendant's PSI objections.

    3.    Initially, the Defendant, **JAMES LATTA** would submit that the Government's untimely response and objections must be stricken and not considered or addressed by this Court.

    4.    If this Court does choose to address the Government's untimely objections and

1

response, the Defendant, **JAMES WILLIAM LATTA,** at the outset, would submit that the Government's position that the Defendant's actions, based on the facts and circumstances set forth above, warrant a life sentence (50 years) is extremely troubling, 100% unsupported, and frankly unconscionable in light of other cases prosecuted and sentenced in the Southern District of Florida.

1. **Computer 2-Level Enhancement**

The Defendant, **JAMES WILLIAM LATTA,** and undersigned counsel recognized and acknowledged in the PSI objections, that the 11th Circuit has continued to affirm the imposition of this enhancement in child pornography cases. The Defendant however, has submitted that this enhancement, is obsolete and no longer useful and should be eliminated.

Moreover, the two out-of-circuit cases cited by the Government, United States v. Reingold, 731 F.3d 204, 226 (2d Cir. 2013) and United States v. Kiefer, 760 F.3d 926, 931 (9th Cir. 2014), to suggest that a person can traffic in child pornography without a computer, were decided ~11-13 years ago and where that position is no longer true, accurate or viable.

It is hard to envision a distribution case at this time, where the distribution was alleged to have occurred without the use of a computer.

2. **Special Offense Characteristic 5-Level Enhancement**

The Defendant, **JAMES WILLIAM LATTA** would renew his objection to the imposition of this 5-level enhancement, and submit that the Government's efforts and arguments to the contrary must be rejected by this Court.

While not disputing the cited guideline provisions, application notes, and definitions, the Defendant would submit that a factual basis for this enhancement is nevertheless lacking. The Defendant's comments and messages do not provide sufficient, credible evidence that he attempted to commit sexual abuse or exploitation against the UC's notional minor child or the Michigan

woman's (S.D.) 4-year-old son.

First, the pattern of activity involving sexual abuse or exploitation of a minor is specific to "the defendant" engaging in such conduct and does not say "if the offense involved a pattern of activity involving the sexual abuse or exploitation of a minor" as the Government suggests. If it was written to consider whether the "offense involved a pattern of activity", courts could then look at the acts of others as relevant conduct to increase the level. However, because the guideline limits this to an analysis of the Defendant's conduct, the government's position is unfounded and must be rejected.

Second, there is absolutely no viable evidence that the Defendant did anything "in an effort to groom the child to eventually engage in sex with the child" as the Government alleged. (Government response p.3) This Government argument is speculative, is not factually supported, there is no stipulation to this issue, and is insufficient to support a finding that Latta attempted to commit one of the offenses under subsection (A) USSG § 2G2.2(b)(5).

Third, the Defendant never directed the production of any CSAM with S.D. The comments he made to S.D. were not a directive to S.D. to sexually abuse her child as the Government has also alleged. (Government response p.3) Comments on the received videos do not equal a directive to abuse a child or produce child pornography.

Moreover, S.D., and not James Latta is the only person who abused/exploited her child. Because this guideline provision focuses only on the acts of the Defendant, this enhancement would not apply. Also, there is insufficient evidence that a conspiracy was formed to commit one of the qualifying offenses in subsection (A) and Latta's conduct falls under the exception to the application – he accessed CP through his chats only with intent to view, receive, or traffic in material relating to S.D.'s abuse/exploitation of her child.

A case cited and relied upon by the Government to support its position, <u>United States v. Bilus</u>, 626 F. App'x 856 (11th Cir. 2015), is factually distinguishable from the facts of the instant case.

In *Bilus*, the Defendant communicated directly with minors, who in Skype chats advised Bilus that they were underage. Bilus then advised these minors, among other things, that he wanted to have sex with them and described the specific sex acts he wanted to perform. <u>Bilus</u>, supra.

Based on the foregoing, the 11th Circuit rejected Bilus' argument that these chats did not rise rises to the level of a 'substantial step' toward commission of an offense and as such constituted an attempt, sufficient to support this enhancement. <u>Bilus</u>, supra.

The facts here, are far different than those in *Bilus*. There is no evidence here to support or even suggest any contact between the Defendant and any minor child. Further, an exchange of videos and comments between James and the UC and between the James and S.D. did not establish an "attempted enticement" or alleged "grooming" as the Government contends.

As a result, this objection should be sustained and the imposed 5-level enhanced removed from the Defendant's guideline calculations.

**3. Failure of Probation to Appropriately Apply the 6 or 5 level Distribution SOC of USSG 2G2.2(b)(3)**

As the Government correctly states in its objections, the PSI applied the 2-level distribution enhancement under USSG 2G2.2(b)(3)(F), as the "defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E).

Not satisfied with this 2-level enhancement, which was not objected to by the Defendant, the Government, in its untimely filed objections, now erroneously submits that a 5-level or 6-level, as opposed to this 2-level enhancement should apply.

    **A.**    First, the Government contends that USSG §2G2.2 (b) (3) (b) warrants a 5-level enhancement as the Defendant distributed in exchange for any valuable consideration and this is

4

purportedly satisfied by virtue of the Defendant sharing videos in the Kik chatroom.

USSG §2G2.2, (b) (3) (b) provides that:

(B) If the defendant distributed in exchange for any <u>valuable consideration</u>, but not for pecuniary gain, increase by 5 levels.

The Application Note to this provision states:

The defendant distributed in exchange for any valuable consideration means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person **for the specific purpose of obtaining something of valuable consideration from that other person**, such as other child pornographic material, preferential access to child pornographic material, or access to a child.

The Defendant, **JAMES WILLIAM LATTA** would submit that this 5-level enhancement is inapplicable. For this enhancement to apply, Mr. Latta must have "agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person." § 2G2.2(b)(3)(B). <u>Mr. Latta did not</u>.

Additionally, the valuable consideration enhancement requires evidence that a defendant reasonably believed they would receive something of value in exchange for the distribution. <u>United States v. Vadnais</u>, 667 F.3d 1206 (11th Cir. 2012).

Despite the Government's argument to the contrary, the Defendant did not trade child pornography in exchange for other child pornography as <u>United States v. Bender</u>, 290 F.3d 1279 (11th Cir. 2002) requires. James had no explicit agreement to swap/share/exchange CP with others and there was no requirement to share CP to view what he posted. James sending pictures/videos of himself cannot be considered "distribution" for purposes of USSG §2G2.2(b)(3).

Further, the Government's argument that Latta sent a 3-minute video saying, "This is how I imagine you and your daughter" to induce/entice the minor is speculative and not dispositive of distribution to a minor as the Government acknowledged that James sent the video to the UC, not

5

the child.

Moreover, the facts here are not even reasonably analogous to those cited in <u>United States v. Ramnaraine</u>, 730 F. App'x 749 (11th Cir. 2018), where *Ramnaraine* told another user, "[e]ither you share or I will ban you."

Here, there was no direct or implicit agreement for the Defendant to trade or exchange CSAM for CSAM in return. James could have viewed posted CSAM videos in this chatroom without ever posting/sharing any videos.

Notwithstanding James' alleged experience with Kik, there was no agreement for an exchange and no evidence that any videos were shared with the specific intent that the Defendant would receive CSAM from others in return. As such, this 5-level enhancement should not be applied.

**B.** Second, the Government contends that the 5-level and 6-level enhancements, pursuant to USSG §2G2.2 (b) (3) (C) and (D) should apply, based on the Defendant's messages with the UC referencing her notional child. (Gov. response p.7)

In doing so, the Government ignores the exact language of these provisions, which is limited to "distribution to a minor" and does not encompass communications to others with the intention that these communications will then be communicated to a minor child, as the Government has alleged was the case here.

Since it is undisputed there was no distribution between the Defendant and any minor child, Probation correctly determined that a 2-level, as opposed to a 5-level or 6-level enhancement was the appropriate enhancement. The Government and this Court are certainly aware of many cases where the charged Defendant has had direct communication with a minor child and where these additional enhancements may very well apply. That is not the case here.

Further, the same facts presented here by the Government to support these enhancements are the identical facts utilized by the Government to support the objected to 5-level enhancement under **2. Special Offense Characteristic 5-Level Enhancement,** discussed above. (Gov. response p.3)

Finally, and not surprisingly, the Government has failed to cite any 11th Circuit case to support the application of these 5-level and 6-level enhancements.

4.      **Failure of Probation to Apply to the 4-level Enhancement of USSG 3B1.1(a)**

The Government has objected to Probation's failure to include a 4-level enhancement for an aggravating role as an Organizer or leader, when there is absolutely no factual support or legal basis for this enhancement.

While the Government has correctly detailed some of the factors the 11th Circuit has delineated in past cases, these factors have been consistently employed in narcotics conspiracy case and are inapplicable here.

The sole basis for this enhancement appears to be that the Defendant was an administrator/moderator of a Kik chatroom and had the authority to admit and remove people from the chatroom. Other than sharing videos with others in the chatroom and making comments, James did nothing that would in any way qualify him to receive this organizer, leader enhancement.

What the Government failed to address or acknowledge was that James Latta did not manage KiK but was a moderator who could exclude people from joining. His role was similar to the gatekeeper of a stash house – he could let people in, but he did not direct their actions. He did not recruit people to traffic CP; he did not manage the chatroom; he did not direct people on specific material to post. Also, he did not direct people on who or where to send their CP; he did not receive a greater share of the fruits of the crime; he did not join in other people's plans to post

7

to the chatroom (they were autonomous posters who submitted what they wanted, whenever they without his input) and he did not produce CP other people distributed in the chatroom.

USSG §3B1.1, comment. (n.4) notes "this adjustment does not apply to a defendant who merely suggests committing the offense." While James did create a chatroom, his conduct was in line with one who merely suggested posting CP to KiK and at most, he provided an avenue for other people to share their CP, he did not direct others to do so.

Not surprisingly, the Government has again not cited or directed this Court to any 11th Circuit case where this organizer, leader enhancement was properly applied to a child pornography case or a case such as here, involving/comprising a chatroom.

Accordingly, Probation was correct in not applying this 4-level organizer, leader enhancement.

Based on the foregoing, the Government's PSI objections must be overruled and the Defendant, **JAMES WILLIAM LATTA'S** PSI objections sustained, thereby resulting in an offense level 32, criminal history 1 and a sentencing guideline range of 121-151 months, with a 15-year minimum mandatory sentence for Count 1, thereby adjusting the minimum sentence from 97 months to 180 months,

        **RESPECTFULLY SUBMITTED,**

        **LAW OFFICE OF HOWARD SOHN**
        Attorney for the Defendant**, LATTA**
        1500 Gateway Blvd, Suite 220
        Boynton Beach, Florida 33426
        Telephone: (561) 214-2464
        Crimdefender1@gmail.com

        By: _s//Howard Sohn_____
          **HOWARD SOHN**
          **Florida Bar No. 0282995**

**CERTIFICATE OF SERVICE**

    I **HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically via CM/ECF filing to: **GREGORY SCHILLER, AUSA**, **UNITED STATES ATTORNEY'S OFFICE**, 500 S. Australian Avenue, Suite 400, West Palm Beach, Florida 33401 and **SYRETA GOULD, UNITED STATES PROBATION OFFICE,** Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, 9th Floor South, Miami, Florida 33128 on this 29th day of January, 2025.

                By: _s//Howard Sohn_____
                     **HOWARD SOHN**